UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAMERON HAWKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04618-JMS-DLP |
| | ) | |
| ALLEGION, PLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

*Pro se* Plaintiff Cameron Hawkins filed this Title VII employment action on December 14, 2017. [Filing No. 1.] Following the filing of various pleading amendments, [Filing No. 23; Filing No. 32], and a period of discovery, Defendant Allegion, plc[1] ("Allegion") filed its Motion for Summary Judgment, [Filing No. 54], which is currently pending before the Court. Mr. Hawkins failed to respond in the allotted time, and to date has not responded. The Motion is therefore ripe, and the Court, being duly advised, **GRANTS** the Motion for the reasons set forth below.

**I.**
**LEGAL STANDARD**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or

---

[1] Consistent with the parties' most recent filings and as provided in Mr. Hawkins' Second Amended Complaint, [Filing No. 32], the Court directs the Clerk to update the caption to reflect Defendant's proper name as "Allegion, plc."

affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Hampton v. Ford Motor Co.*, 561 F.3d 709, 713 (7th Cir. 2009). In other words, while there may be facts that are in dispute, summary judgment is appropriate if those facts are not outcome determinative. *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 525 (7th Cir. 2005). Fact disputes that are irrelevant to the legal question will not suffice to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Johnson v. Cambridge Indus.*, 325 F.3d 892, 901 (7th Cir. 2003). The moving party is entitled to summary judgment if no reasonable factfinder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *O'Leary v. Accretive Health,*

*Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them," *Johnson*, 325 F.3d at 898. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010).

By failing to respond to Allegion's Motion for Summary Judgment, Mr. Hawkins has conceded Allegion's version of the facts. *Brasic v. Heinemann's Inc.*, 121 F.3d 281, 286 (7th Cir. 1997). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relevant to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II.
### BACKGROUND

As set forth above, while the following facts are presented in the light most favorable to Mr. Hawkins as the nonmoving party, they are limited to those presented in Allegion's version of the facts due to Mr. Hawkins' failure to respond to Allegion's Motion. Furthermore, the recitation of the facts is limited to those necessary for resolving the issues presented by Allegion's Motion for Summary Judgment.

**A. Mr. Hawkins' Employment at Allegion**

Mr. Hawkins began his employment with Allegion in March 2013. [Filing No. 55-2 at 1.] The plant at which Mr. Hawkins worked manufactured locks and related devices for doors. [Filing No. 55-2 at 7.] From June 2016 until his eventual discharge in June 2017, Mr. Hawkins worked as a "receiving clerk." [Filing No. 55-2 at 8.] Up until his termination, Mr. Hawkins had a

satisfactory performance record and was awarded a raise based upon his performance. [Filing No. 55-4 at 2.]

### B. September 2015 EEOC Charge

In September 2015, Mr. Hawkins filed an EEOC charge, alleging that he had suffered harassment and race discrimination. [Filing No. 55-2 at 50-51; Filing No. 32-1 at 4.] Allegion and the EEOC investigated Mr. Hawkins' complaints, which based upon his deposition testimony involved someone printing a Confederate flag on the company computer. [Filing No. 55-2 at 63-64.] Mr. Hawkins elected not to sue after he received his right-to-sue letter from the EEOC. [Filing No. 55-2 at 17.] The September 2015 EEOC charge was the only charge Mr. Hawkins filed during his employment with Allegion. [Filing No. 55-2 at 10.] Neither Ernest Maul nor Dimo Vckov, the two supervisors responsible for terminating Mr. Hawkins in 2017, were supervising Mr. Hawkins at the time of his September 2015 EEOC charge, and neither were aware of the September 2015 EEOC charge until after Mr. Hawkins' termination. [Filing No. 55-2 at 51; Filing No. 55-3 at 3-4; Filing No. 55-4 at 3-4.]

### C. Events Leading to Mr. Hawkins' Termination

On June 8, 2017, Mr. Maul, then Mr. Hawkins' direct supervisor, spoke to Mr. Hawkins about covering for an employee who was going to be on vacation. [Filing No. 55-2 at 21; Filing No. 55-2 at 62; Filing No. 55-4 at 2.] Mr. Maul intended his conversation to be a directive for Mr. Hawkins to temporarily fill the position of an absent employee, and employees are generally expected to cover other employees' positions as the need arises. [Filing No. 55-4 at 2.] Mr. Hawkins, however, believed that Mr. Maul was instead offering him the covering spot and not directing him to take it. [Filing No. 55-2 at 23.] Mr. Hawkins declined it, explaining that he viewed the position as "moving [b]ackward." [Filing No. 55-2 at 62.] On June 9, 2017, Mr.

4

Hawkins told his team lead that he would not cover for the absent employee. [Filing No. 55-4 at 2.]

Following Mr. Hawkins' refusal to cover, which Mr. Maul considered a refusal to follow a direct order, Mr. Maul and Mr. Vckov (Mr. Maul's direct supervisor) decided to issue Mr. Hawkins a verbal warning and two-day suspension. [Filing No. 55-4 at 3.] On June 12, 2017, Mr. Maul, Mr. Vckov, and human resources employee Audrey Hale met with Mr. Hawkins to issue the verbal warning and suspension. [Filing No. 55-3 at 3.] The discussion at the meeting became prolonged and heated, [Filing No. 55-3 at 3; Filing No. 55-4 at 3; Filing No. 55-2 at 32], and Mr. Maul and Mr. Vckov determined that Mr. Hawkins' behavior rose to the level of insubordination and warranted termination, [Filing No. 55-3 at 3; Filing No. 55-4 at 3]. Ms. Hale informed Mr. Hawkins of his termination by letter dated June 14, 2017, citing Mr. Hawkins' disruptive and insubordinate behavior at the June 12 meeting. [Filing No. 55-2 at 63.]

### D. Procedural History

On December 14, 2017, Mr. Hawkins filed his Complaint in this Court. [Filing No. 1.] With leave of Court, Mr. Hawkins filed his currently-operative Second Amended Complaint, [Filing No. 32], and exhibits, [Filing No. 32-1 at 1-4; Filing No. 44-1]. His filings suggest two possible bases for retaliation claims under Title VII. First, in the "Statement of Legal Claim" section of his operative pleading, Mr. Hawkins alleges that he "was fired as retaliation on June 14, 2017 for making another complaint on June 8, 2017." [Filing No. 32 at 2.] Second, the EEOC charge attached to his Second Amended Complaint explains that he had "filed a complaint with

5

the EEOC," after which he "began to feel that [he] was being retaliated against."[2] [Filing No. 32-1 at 4].

On October 8, 2018, Allegion filed its Motion for Summary Judgment, [Filing No. 54], and, as required by Local Rule 56-1(k), a Notice Regarding Right to Respond to and Submit Evidence in Opposition to Motion for Summary Judgment, [Filing No. 56]. Both filings were accompanied by digitally-signed certificates of service certifying that service had been made by U.S. Mail to Mr. Hawkins' address of record. On November 26, 2018, after Mr. Hawkins' deadline for responding had expired, *see* S.D. Ind. L.R. 56-1(b), Allegion filed a reply, asserting that the Court should deem all of its asserted facts to be unopposed and that it is entitled to judgment as a matter of law. [Filing No. 57.] Mr. Hawkins did not respond within the allotted time and to date has not filed a response. Allegion's Motion for Summary Judgment is therefore ripe for decision.

### E. Failure to Respond to Requests for Admission

On June 1, 2018, Allegion served Mr. Hawkins with Requests for Admission, requesting among other things that Mr. Hawkins admit that he was directed to cover for an absent employee, that he was discharged for insubordination, that he was "no[t] the victim of discrimination," and that he was "not the victim of retaliation." [Filing No. 55-6 at 9-15; Filing No. 55-6 at 1.] On July 13, 2018, and again on July 17, 2018, Allegion's counsel asked Mr. Hawkins to respond to the Requests for Admission, offering to extend the deadline if Mr. Hawkins needed. [Filing No. 55-6 at 2.] On July 24, 2018, Mr. Hawkins sent Allegion a document essentially reasserting his

---

[2] Allegion also reads Mr. Hawkins' pleadings as possibly alleging a claim for race discrimination. [Filing No. 55 at 13.] As Allegion points out, however, Mr. Hawkins confirmed at his deposition that he "do[esn't] think that [his termination] had anything to do with [his] race." [Filing No. 55-2 at 49.] Thus, to the extent his pleadings may be read to allege such a claim, Mr. Hawkins' confirmation that race had nothing to do with his termination entitles Allegion to summary judgment.

6

allegations from his Amended Complaint, but failing, as required by Rule 26, to admit to the requests, "specifically deny [the requests,] or state in detail why [he could] not truthfully admit or deny [the requests.]." Fed. R. Civ. P. 36(a)(4); [Filing No. 55-6 at 2; Filing No. 55-6 at 25-27]. On July 25, 2018, at a status conference held with the Magistrate Judge, counsel for Allegion again reminded Mr. Hawkins that they were awaiting his responses to the Requests for Admission, and Mr. Hawkins committed to providing responses by August 2018. [Filing No. 55-6 at 2.]

Because Mr. Hawkins failed to respond to the Requests for Admission, they are deemed "admitted" under Rule 36(a)(3). While summary judgment for Allegion is required apart from Mr. Hawkins' failure to respond to the Requests for Admission, as explained more fully below, it provides an additional basis for the Court's conclusion that Allegion is entitled to judgment as a matter of law.

### III.
#### DISCUSSION

Allegion's Motion for Summary Judgment seeks judgment in its favor on any and all claims that Mr. Hawkins may be raising. First, Allegion argues that Mr. Hawkins' failure to respond to its Requests for Admission means that Mr. Hawkins has admitted that he did not suffer retaliation. [Filing No. 55 at 11-12.] Second, Allegion argues that Mr. Hawkins' claim for retaliation based upon his 2015 EEOC charge fails because no evidence connects the 2015 charge to his termination. [Filing No. 55 at 14-15.]

As explained above, Mr. Hawkins' Second Amended Complaint and exhibits suggests two possible bases for retaliation: his 2015 EEOC charge, and his complaints on June 8, 2017 about being asked to cover a coworker's route. The Court addresses each in turn.

To defeat a motion for summary judgment on a retaliation claim, a plaintiff must provide "evidence of (1) a statutorily protected activity; (2) a materially adverse action taken by the

employer; and (3) a causal connection between the two." *Baines v. Walgreen Co.*, 863 F.3d 656, 661 (7th Cir. 2017) (internal quotation omitted).

Beginning with Mr. Hawkins' 2015 EEOC charge, Mr. Hawkins cannot meet the third element required to proceed beyond a motion for summary judgment. To establish the required causal connection, a plaintiff must show that evidence exists suggesting that the defendant "would not have taken the adverse . . . action but for his protected activity." *Baines*, 863 F.3d at 661 (alterations in original) (quoting *King v. Preferred Technical Grp.*, 166 F.3d 887, 892 (7th Cir. 1999)). The plaintiff may show this with "direct" evidence, such as an admission of discriminatory animus, or by "circumstantial" evidence, but as long as the plaintiff provides "enough to allow the trier of fact to conclude that it is more likely than not that discrimination lay behind the adverse action, then summary judgment for the defendant is not appropriate." *Id.* (quoting *Morgan v. SVT, LLC*, 724 F.3d 990, 996 (7th Cir. 2013)); *see Lauth v. Covance, Inc.* 863 F.3d 708, 716 (7th Cir. 2017) ("[W]e no longer recognize a distinction between direct or indirect evidence, and instead consider all of the record to determine whether a causal link exists."). "The critical issue here, however, is whether the person who made the decision to terminate his employment was aware of [Mr. Hawkins' 2015 EEOC charge] at the time [of termination], because absent such knowledge [Mr. Hawkins] lacks a causal link between the termination and the [protected activity]." *Maarouf v. Walker Mfg. Co., Div. of Tenneco Auto.*, 210 F.3d 750, 755 (7th Cir. 2000).

In short, Mr. Hawkins cannot meet his burden because the undisputed evidence shows that neither Mr. Maul nor Mr. Vckov—the two individuals responsible for terminating Mr. Hawkins— had any knowledge of Mr. Hawkins' 2015 EEOC charge. Without knowledge of Mr. Hawkins' previous charge, the charge could not have played any role in Allegion's decision to fire Mr.

Hawkins. Allegion is therefore entitled to summary judgment on Mr. Hawkins' claim that he was fired in retaliation for filing his 2015 EEOC charge.

Turning to any claim for retaliation based upon the events of June 8, 2017, when Mr. Hawkins apparently complained about the request to cover a coworker's shift, this claim fails because Mr. Hawkins has not established that his complaint was a statutorily-protected activity. To survive summary judgment, Mr. Hawkins must show that he, in good faith, "took some step in opposition to a form of discrimination that the statute prohibits." *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 631 (7th Cir. 2011). "An employee engages in a protected activity by either: (1) filing a charge, testifying, assisting or participating in any manner in an investigation, proceeding or hearing under Title VII or other employment statutes; or (2) opposing an unlawful employment practice. Vague and obscure 'complaints' do not constitute protected activity." *Northington v. H & M Int'l*, 712 F.3d 1062, 1065 (7th Cir. 2013). Furthermore, "merely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient." *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006) (collecting cases).

At most, Mr. Hawkins' deposition testimony suggests that he was complaining about a possible violation in workplace policy regarding job assignments. But nothing about his testimony or the uncontroverted evidence raises any inference that his complaints on June 8, 2017 amounted to participating in an investigation, opposing discrimination or harassment against a protected class, or "opposing an unlawful employment practice." *Id.* Mr. Hawkins' "[v]ague and obscure 'complaints'" that he lodged on June 8 "do not constitute protected activity" for which he may sue under a Title VII retaliation theory. *Id.* Allegion is therefore entitled to summary judgment on any retaliation claim based upon the events of June 8, 2017.

Finally, as explained above, Mr. Hawkins failed to respond to Allegion's Requests for Admission, despite having been offered the opportunity for several extensions and despite being reminded of his obligation to respond during a status conference. By failing to respond, Mr. Hawkins has admitted that he did not suffer discrimination or retaliation but was instead fired for being insubordinate and disruptive. [Filing No. 55-5 at 7-11.] These admissions provide an additional basis for summary judgment in Allegion's favor.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Allegion's Motion for Summary Judgment. [54] Final judgment will enter accordingly.

Date: 1/3/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution:**

CAMERON HAWKINS
6202 E. 42nd St.
Indianapolis, IN 46226-4914

David A. Campbell
VORYS, SATER, SEYMOUR AND PEASE LLP
dacampbell@vorys.com

Donald G. Slezak
VORYS, SATER, SEYMOUR AND PEASE LLP
dgslezak@vorys.com